**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                           **CASE NO.  4:06CR00093 -01 JMM**

**FRED A. GREEN**

**ORDER**

Defendant is charged in Count One of a superseding indictment with possession with intent to distribute approximately three kilograms of cocaine and in Count Two of the indictment with conspiracy to possess with intent to distribute more than five kilograms of cocaine. Defendant brings a Motion for Access to Physical Evidence for Analysis by Independent Expert.

The government has no objection to the independent analysis of the drug evidence by a qualified forensic chemist retained by defendant as long as there are certain procedures ordered by the Court.  The government states that it will make available the full amount of the drug evidence seized on June 20, 2004 less the tested samples for re-testing.  However, with the exception of the representative samples, the drug evidence seized in Tyler, Texas, by the Dallas Police Department which was tested by the Texas Department of Public Safety has been destroyed pursuant to Texas law governing the destruction of evidence ("Tyler drug evidence").

Defendant contends that if the full quantity of the of the drug evidence is not available for re-testing, that all evidence of all the tested drugs should be suppressed at trial.

The Court finds that this evidence should not be suppressed.

The entire amount of drug evidence related to Count One, minus the representative samples, is available for re-testing and as stated above, procedures will be determined to allow defendant to test this drug evidence.

It is true that portions of the Tyler drug evidence has been destroyed. However, there is no evidence that the destroyed portion of the evidence was exculpatory on it face or that there was any bad faith on the part of the Texas authorities as this evidence was destroyed pursuant to standard drug evidence policies and law in Texas. *See United States v. Boswell*, 270 F.3d 1200, 1206-07 (8th Cir. 2001). Moreover, there are photographs of the original seized evidence with samples of the original quantities of cocaine being available. Finally defendant will be given an opportunity to re-test the drug evidence at issue and he will have the opportunity to cross examine the forensic chemists who weighed, and tested the original quantities of drug evidence. *See Id*.

Defendant is Ordered to provide the name, and verify the certification, of the forensic chemist who he has retained to test the evidence. When this information is received by the Court and the government, a hearing will be set to determine the procedure for the re-testing of the drug evidence related to Count One and Count Two.

The motion is denied in part and granted in part (#60).

IT IS SO ORDERED THIS __7__ day of __May__, 2007.

 

James M. Moody
United States District Court

2