UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA

v.                               No. 4:13CV00704
                                     4:06CR00093

FRED GREEN

## ORDER

On November 9, 2007, a jury found Petitioner Fred Green guilty of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and § 846; possession of a firearm (machine gun) in drug trafficking in violation of 18 U.S.C. § 924(c)(1)(B)(ii); and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Court imposed a sentence of a total of 548 months imprisonment, five years of supervised release, and a $400.00 special penalty assessment. Petitioner appealed his conviction, and the Eighth Circuit Court of Appeals affirmed the judgment of this Court, issuing a mandate on March 26, 2009. A petition for writ of certiorari was denied by the United States Supreme Court on October 29, 2009.

Pending before the Court is Petitioner's 28 U.S.C. § 2255 motion (Docket # 146); the government has responded. This statutes provides, in part, that a prisoner in custody under sentence of a court established by Act of Congress may move to vacate, set aside, or correct a sentence on four grounds: (1) that the sentence was imposed in violation of the Constitution or laws of the United States, (2) that the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, or (4) that the sentence is otherwise subject to collateral attack.

Petitioner raises two arguments in his motion, which he categorizes as falling within the first and second grounds for a §2255 motion. First, he argues that this Court lacked both subject matter and in personam jurisdiction due to the fact that at the time of his federal arrest, there was a parole warrant pending from the State of Arkansas. His second argument is that because of a lack of chain of custody, the Court lacked in rem and quasi in rem jurisdiction over the evidence linking him to drug trafficking that was seized in Arkansas. Both of these alleged jurisdictional defects, he asserts, violated his Fifth Amendment Due Process rights.

Pursuant to 25 U.S.C. § 2255(f), a motion made under this section must be made within one year from the latest of:

> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The present motion was filed on December 11, 2013, over four years after the Eighth Circuit affirmed the judgment of the Court and after certiorari was denied; it is, therefore, barred by the one year statute of limitations found at §2255(f). Petitioner does not argue that there is any basis for the equitable tolling of the limitations period. Rather, he argues that his motion

presents an exception to the one-year limitation rule as his claims are jurisdictional and, therefore, cannot be procedurally barred or waived.  The Court disagrees.

The plain language of the statute under which Petitioner seeks relief provides that a challenge to the Court's jurisdiction to impose his sentence must be brought within one year of the date the judgment of his conviction became final.  "Nothing in the statutory language suggests that jurisdictional challenges are exempt from the one-year limitations period that applies to a motion under this section." *Williams v. United States*, 383 F.App'x 927, 929-30 (11th Cir. 2010).

Even if Petitioner's claims were not time-barred, his claim that the Court did not have jurisdiction over him is contrary to the law.  As quoted in *United States v. White Horse*, 316 F.3d 769, 772 (8th Cir. 2003), "[s]ubject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231. . That's the beginning and the end of the 'jurisdictional' inquiry." *Hugi v. United States,* 164 F.3d 378, 380 (7th Cir. 1999).

Likewise, even if his claim that the Court lacked "jurisdiction" over the evidence linking him to the crimes for which he was convicted was not time barred, this argument is an attack on the admission of evidence that cannot be raised at this time.  A § 2255 petition is not a second direct appeal, and issues raised for the first time in a § 2255 petition are procedurally defaulted.  Petitioner does not argue that he is actually innocent, and so he must demonstrate cause and actual prejudice to excuse his procedural default. *Meeks v. United States*, 742 F.3d 841, 844 (8th Cir. 2014) (citations omitted).  He does neither.

The Court notes that Petitioner makes the conclusory statement in his §2255 motion that the reason why neither of his two grounds were raised on direct appeal was "[b]ecause of the fact

that Green's appellate counsel failed to ascertain this issue and raise it on his behalf." However, nowhere in his brief does he address this argument; therefore, this argument is deemed abandoned. *See Etheridge v. United States*, 241 F.3d 619, 622 (8th Cir. 2001).

For these reasons, Petitioner's motion under 18 U.S.C. §2255 to vacate, set aside, or correct his sentence (Docket #146) is denied.

IT IS SO ORDERED on this 10th day of April, 2014.

*[signature]*
James M. Moody Jr.
United States District Judge